UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH

**DOUGLAS LEE CARTER**                                                                **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 5:14-CV-P28-GNS**

**KENTUCKY DEP'T OF CORR. et al**                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion for summary judgment (DN 38) filed by Defendants Fulton County Detention Center (FCDC), Jailer Ricky Parnell, and Lieutenant Daniel Thomas. Despite the Court having given Plaintiff additional time to respond to Defendants' motion, he has not done so. Therefore, the Court will consider Defendants' motion without benefit of a response from Plaintiff.

**I.**

Plaintiff, Douglas Lee Carter, an inmate at the FCDC, brought suit against the Kentucky Department of Corrections,[1] the FCDC, FCDC Jailer Parnell, and Lieutenant Thomas pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Defendant Thomas threatened Plaintiff on his arrival at FCDC. Plaintiff further alleged that he had been harassed and placed in harm's way by Defendant Thomas. Plaintiff alleged that Defendant Thomas "paid inmates in the form of electronic cigarettes . . . and trustee jobs, to fight me." Plaintiff also alleged that on January 13, 2014, he was "pulled out of [his] cell by the floor officer . . . who took me to the conference room so Ricky Parnell could talk to me. Upon entering the room, he starts yelling at me, and banging on the table, stating, 'Hell no he won't ship me, and to hurry up an[d] file my lawsuit, so he can get it dismissed and sue me.'"

---

[1] By agreed order, the Kentucky Department of Corrections was dismissed as a Defendant in this action. *See* DN 37.

In his amended complaint, Plaintiff alleged that, the day after he mailed his complaint in this case, Chief Deputy Jeff Johnson and Defendant Parnell came into his cell, whereupon Defendant Parnell told Johnson to "go get him a taser cause he was going to 'light my ass up.'" According to the amended complaint, when Plaintiff asked what he had done, Defendant Parnell's response was: "'Then you can have another reason to sue me.'" However, when Johnson returned with the taser, Defendant Parnell did not tase Plaintiff but did accuse Plaintiff of writing on the cell wall and told him to clean it up or he was going to "'get it.'" Plaintiff cleaned the wall. Plaintiff states that at this time he was in isolation for a fight with another inmate which was instigated by Defendant Thomas.

The amended complaint further alleged that on March 3, 2014, non-Defendant Deputy Johnson tased him for no reason, and later that day Plaintiff tried to commit suicide. Defendant Parnell was called in because Plaintiff was non-responsive, and Defendant Parnell tased him. Plaintiff states that he was then placed on suicide watch "for 11 extra days." He states that on March 6, 2014, Defendant Parnell placed him on the "'The Ricky World Diet'" and that Defendant Parnell told him that he will make sure Plaintiff dies at the jail, if that is what Plaintiff wants.

In their summary-judgment motion, Defendants argue that Plaintiff failed to file a grievance about all of his claims except one. Defendants further argue that in the case of the one claim about which he did grieve, Plaintiff did not strictly comply with the Jail's grievance procedure. Therefore, they argue that his claims must be dismissed for failure to exhaust administrative remedies.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Prisoner civil-rights cases are subject to the Prison Litigation Reform Act (PLRA). The PLRA mandates, among other things, that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."

*Id.* at 90-91. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*.

As stated previously, Plaintiff failed to respond to Defendants' motion for summary judgment. However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. Fed. R. Civ. P. 56(e) (affidavits opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). Plaintiff's complaint (DN 1) is verified, and Plaintiff did state in his complaint that he had "sent a copy of the grievance and conflict sheet to the Department of Corrections Commissioner . . . . I will also provide to the court." His amended complaint (DN 8), which is also verified, states: "Due to exhausting the administrative remedies available to me I wrote to Governor . . . Beshear, outlining me being mistreated and in fear of my safety . . . ."

While the Court could consider the statements in the verified complaints as affidavits for purposes of summary judgment, *see Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988), Plaintiff has not directed the Court's attention to the verified complaints or any other document in response to the motion for summary judgment. The statements made by Plaintiff in his verified complaint, then, are left outside the realm of relevant evidence on summary judgment. *See Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 355 n.9 (7th Cir. 1992). Even if the Court could consider the statements on summary judgment, those statements, insofar as they concern

4

Plaintiff's claims against Defendant Parnell and regarding Defendant Thomas's initial conversation with him, have been contradicted by Plaintiff in his subsequent deposition testimony. At his deposition, Plaintiff testified that he did not file a grievance related to the initial conversation he had with Defendant Thomas, *see* Dep. p. 59, 61, and filed no grievances against Defendant Parnell, Dep. p. 161 ("Q[:] You didn't file any grievances against Jailer Parnell did you? A[:] No."). Thus, no factual issues are created by the statements in the verified complaints as to claims related to his initial conversation with Defendant Thomas and all claims against Defendant Parnell. *See id.*; *Kaltman-Glasel v. Dooley*, 228 F. Supp. 2d 101, 107-08 (D. Conn. 2002) (plaintiff cannot create genuine issue of material fact by contradicting deposition testimony with previous verified complaint). Thus, the Court finds that Plaintiff has failed to exhaust his claim related to his initial conversation with Defendant Thomas and all claims against Defendant Parnell, and Defendants are entitled to summary judgment on those claims.

According to the Jail's grievance policy, which is attached to Defendants' motion, a grievance shall be made in the form of a written statement *addressed to the Jailer*. Upon receipt of the grievance by the Jailer, the Jailer will review it. That procedure states that an inmate submitting a grievance will receive a response within seven days following the investigation of the grievance.

The "grievance" (a letter) that Plaintiff did write is attached to Defendants' motion. It is dated October 2, 2013, and is directed to Jeff Johnson, Chief Deputy of Operations. That letter concerns "rogue officer Daniel Thomas harassing and threatening" Plaintiff. That letter states further:

> In the past he has placed me in harms way and cohersed other inmates to fight me. Ive been under a lot of stress and depressed because of how this officer treats me. The last time I went outside, Daniel Thomas made me go outside with one of his "Jailhouse Goons" (Inmate Walker) who I had just got out of the hole for,

> defending myself against. This inmate did 14 days in the hole, I did 32 days. . . . Incidents of this manner has been an on-going thing Daniel Thomas has been subjecting me to.

At the bottom of the letter, there is a response from Johnson dated October 30, 2013, which states, "I have reviewed your letter and spoke with several people. You have conflicts with several inmates and have caused numerous problems while incarcerated. Lt. Thomas will no longer have contact with you."

Even if the Court considers the issues raised in that letter, which is addressed to the Chief Deputy of Operations rather than the Jailer as specified by the grievance policy, to have been administratively exhausted, Defendants argue that Plaintiff has not alleged that he suffered any physical injury from Defendant Thomas's actions and, even if he did so allege, such injury would not be more than *de mininis*. The only specific incident raised in the "grievance" dated October 2, 2013, is that "[Defendant] Thomas made me go outside with one of his 'Jailhouse Goons' (Inmate Walker) who I had just got out of the hole for, defending myself against." Defendants argue that Plaintiff did not in fact have a fight with the "Jailhouse Goon" because Defendant Thomas returned and removed the inmate within five minutes. Dep. p. 64. Defendants also point to Plaintiff's deposition testimony that inmate Walker had told Plaintiff that Defendant Thomas had given Inmate Walker an electronic cigarette to fight Plaintiff, Dep. p. 54-55, but that when describing the fight between himself and Inmate Walker, Plaintiff admitted that he threw the first punch. Dep. p. 80 ("I sucker punched him, we started fighting.").

Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." § 1997e(e). Plaintiff has not alleged any physical injury to himself. Without the showing of

some physical injury, which is more than *de minimis*, associated with his claims, Plaintiff's action fails. *See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding plaintiff's claim that he was uncomfortable after being sprayed with pepper spray precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a *de minimis* injury); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching" since plaintiff "suffered at most only de minimis physical injury"); *Tribe v. Snipes*, 19 F. App'x 325, 326 (6th Cir. 2001) (finding plaintiff's claim that the defendants placed him under tremendous stress by keeping him in a housing unit with inmates who threatened him did not state a sufficient injury to satisfy § 1997e). Thus, Defendant Thomas is entitled to summary judgment in his favor based on no showing more than *de minimis* physical injury by the Plaintiff.

### III.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion (DN 38) is **GRANTED**.

A separate Judgment will be entered dismissing this case.

Date: September 9, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
4416.009